Patricia GALLIE, Petitioner,

v.

WORKERS' COMPENSATION AP-
PEAL BOARD (FICHTEL & SACHS
INDUSTRIES), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 8, 2003.
Decided Sept. 10, 2003.

Dina Brillant, Newtown, for petitioner.

Brian J. Smith, Blue Bell, for respondent.

BEFORE: PELLEGRINI, Judge, SIMPSON, Judge, and MIRARCHI, JR., Senior Judge.

OPINION BY Judge SIMPSON.

In this case of first impression, Patricia Gallie (Claimant) appeals the decision of the Workers' Compensation Appeal Board (Board) that determined her petition for review of utilization review was late. We decide how to compute the 30 day period for filing a petition for review under section 306(f.1)(6)(iv) of the Workers' Compensation Act (Act).[1] We reverse.

In September 1994, Claimant injured her back working for Fichtel & Sachs Industries (Employer). Pursuant to a notice of compensation payable, Employer began paying Claimant workers' compensation benefits. Subsequently, Employer requested a utilization review of Claimant's chiropractic treatment. The utilization review organization (URO) issued a report concluding, while ongoing chiropractic adjustments were reasonable and necessary, massage and ultrasound therapy were not.

Claimant testified she received the URO report by regular mail on May 21, 2001.

---

1. Act of June 2, 1915, P.L. 736, *as amended*,      77 P.S. § 531(6)(iv).

She initially assumed it was her medical provider's responsibility to seek review of the report. However, upon learning it was her responsibility to seek review, Claimant drafted a review petition. Evidence on the date of mailing of the petition conflicted. Claimant testified the petition was mailed on June 18, 2001. However, the envelope in which it was mailed was postmarked June 22, 2001, more than 30 days after her receipt of the URO report.

At a hearing, Employer asserted Claimant's review was untimely because the petition was filed beyond the 30 day period contained in section 306(f.1)(6)(iv). Claimant testified about her receipt of the URO report and the mailing of her petition. Additionally, the envelope in which she mailed the petition was admitted.[2]

The Workers' Compensation Judge (WCJ) rejected Claimant's testimony about the date of mailing. He found that Claimant received the URO report on May 21, 2001, and she mailed her petition on June 22, 2001. However, the WCJ found the Bureau of Workers' Compensation (Department) received the URO report on May 24, 2001, less than 30 days before the petition was mailed.

The WCJ applied section 306(f.1)(6)(iv) of the Act, 77 P.S. § 531(6)(iv). It provides, with emphasis added:

*If the provider, employer, employe or insurer disagrees with the finding of the utilization review organization, a petition for review by the department must be filed within thirty (30) days after receipt of the report.* The department shall assign the petition to a workers' compensation judge for a hearing or for an informal conference under section 402.1. The utilization review report shall be part of the record before the workers' compensation judge. The workers' compensation judge shall consider the utilization review report as evidence but shall not be bound by the report.

Noting the Act does not specify whose receipt of the URO report triggers the 30 day petition period, the WCJ reasoned:

In this case the Petition for Review was filed within thirty (30) days of the [Department's] receipt, but not within thirty (30) days of the claimant's receipt. We note that although the regulations require that the Determination be mailed to the claimant by certified mail, the employer did not present into evidence any proof to show when the claimant received the Determination. In the absence of proof we have found claimant's testimony upon date of receipt to be credible. *In the absence of specific direction in the Act and regulations we believe that when the Determination has been received by the [Department] and the claimant on different dates then the date of the latest receipt shall control. In the alternative the date of the [Department's] receipt should control.* Using either of those measures the instant petition was timely filed.

WCJ Op. at 6 (emphasis added). The WCJ sustained Claimant's appeal.

Employer appealed. The Board vacated the WCJ's decision and dismissed Claimant's petition. The Board concluded Claimant's petition was untimely because: *Section 306(f.1)(6)(iv) refers only to "the provider, employer, employe or insurer," and contains no reference to the [Department].* Under those circumstances, there is no basis for the [WCJ's] conclusion that, when a claimant and the [Department] receive a uti-

---

**2.** Additionally, Claimant testified about the necessary nature of her massage and ultra- sound therapy. A medical report from Claimant's chiropractor supported this assertion.

lization review determination on different dates, the date of the latest receipt controls. To the contrary, the thirty day period begins to run on the date of receipt by either "the provider, employer, employe or insurer," depending upon who files the petition for review.

\* \* \*

Because Claimant did not mail her Petition within the thirty day limit prescribed by Section 306(f.1)(6)(iv), the Petition was not timely filed.

Board Op. at 3–4 (emphasis added).[3]

Claimant now appeals the Board's order.[4] She argues the Board erred in determining section 306(f.1)(6)(iv) requires a claimant to file a review petition within 30 days of her receiving the URO report, rather than the date of the Department's receipt.[5]

As correctly noted by the WCJ, section 306(f.1)(6)(iv) is ambiguous, as it does not specify whose receipt of the URO determination begins the 30 day petition period.

■ "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S.A. § 1921(a). The ultimate goal of the workers' compensation program is to make an injured employee whole. *O'Brien v. Workers' Compensation Appeal Board (City of Philadelphia)*, 780 A.2d 829 (Pa.Cmwlth.2001). Thus, the Act must be liberally construed to effectuate its humanitarian purposes with borderline

interpretations resolved in favor of the injured employee. *Erb v. Workers' Comp. Appeal Bd. (Steris Corp.)*, 812 A.2d 773 (Pa.Cmwlth.2002) *petition for allowance of appeal denied*, —— Pa. ——, 821 A.2d 588 (2003).

Contrary to the Board's assertion, section 306(f.1)(6)(iv) makes repeated reference to the Department's role in the utilization review process. This includes reference to the Department's responsibility in the adjudication of utilization disputes. Moreover, the URO report originates outside the Department from a third-party source. The Department's receipt of the URO report acts as an easily-ascertained, objective landmark from which the petition period may be measured.

■ For these reasons, we respectfully disagree with the Board's interpretation. The WCJ's interpretation, that the petition period begins to run from receipt of the URO report by either the Department or the petitioning party, whichever is later, is reasonable and best effectuates the humanitarian purpose of the Act.

Accordingly, we reverse the Board's decision vacating the WCJ's award, and we reinstate the WCJ's March 29, 2002, order.

### *ORDER*

AND NOW, this 10th day of September, 2003, the decision of the Workers' Compensation Appeal Board is reversed and

---

3. Claimant also argues her petition was timely, because the URO report was (i) not served on her attorney, and (ii) not served by certified mail. *See* 34 Pa.Code § 127.476. Citing Claimant's actual notice, the Board found these errors to be harmless.

4. This Court's review of a Board decision is limited to determining whether an error of law was committed, findings of fact are supported by substantial evidence or constitutional rights were violated. Administrative

Agency Law, 2 Pa.C.S. § 704; *Vinglinsky v. Workmen's Comp. Appeal Bd. (Penn Installation)*, 139 Pa.Cmwlth.15, 589 A.2d 291 (1991).

5. Claimant also argues the Board erred in characterizing the service deficiencies as harmless. Because of our resolution of the timeliness issue, we need not address this argument.

the Workers' Compensation Judge's March 29, 2002 order is reinstated.

Judge PELLEGRINI concurs in the result only.