**MAPLE CREEK MINING COMPANY,**
Petitioner,

v.

**WORKERS' COMPENSATION
APPEAL BOARD (BAKOS),**
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 22, 2003.

Decided Oct. 17, 2003.

Lee Ann Rhodes, Pittsburgh, for petitioner.

Anthony J. Kovach, Uniontown, for respondent.

BEFORE: PELLEGRINI, Judge, SIMPSON, Judge, and MIRARCHI, JR., Senior Judge.

OPINION BY Judge SIMPSON.

Maple Creek Mining Company (Employer) petitions for review of the Workers' Compensation Appeal Board's (Board) decision affirming the Workers' Compensation Judge's (WCJ) denial of Employer's petition to suspend George Bakos, Jr.'s (Claimant) benefits. The WCJ determined Claimant's left ankle injury was not a specific loss of his left foot. We affirm.

Claimant, now almost fifty years old, worked as a general inside laborer in Employer's mine. His job involved carrying items weighing up to 200 pounds, often while he walked through mud and water. In 1996, Claimant was working in deep mud and carrying a bag of cement on his shoulder. When he tried to turn to dump the cement into a wheelbarrow, he found he could not lift his leg from the mud. Consequently, he twisted. Claimant felt a pulling of his left ankle. WCJ Finding of Fact (F.F.) 10, Reproduced Record (R.R.) 226a.

Hearings were held on Employer's petition. The WCJ accepted Claimant's testimony about his job duties and about his ongoing problems with pain, swelling and the instability of his left ankle since his injury. The WCJ found Claimant wears a special brace on his ankle in order to bear weight and to walk. Claimant also needs a cane for ambulation. WCJ F.F. 19, R.R. 240a–41a. At the final hearing, Employer amended its petition to contend Claimant's ankle injury resolved into a specific loss of his foot, thereby justifying suspension.

Three Board-certified orthopedic surgeons testified. The WCJ found credible and relied upon the testimony of Employer's witness, Dr. Jon Tucker, to the extent that Dr. Tucker unequivocally maintained Claimant's left ankle injury prevents him from resuming his pre-injury job duties as a general inside laborer. The WCJ likewise relied upon and accepted as credible the opinion of Claimant's witness, Dr. William Mitchell, to the same effect. Another Employer witness, Dr. Owen Nelson, opined that Claimant was capable of resuming work for Employer as a general inside laborer since May 1998. The WCJ found significant, however, that even Dr. Nelson acknowledged Claimant would not be able to work in coal mines using a cane. WCJ F.F. 19, R.R. 240a–41a.

The WCJ found Claimant did not sustain a specific loss of his left foot as a result of his work-injury. In reaching that finding, the WCJ acknowledged Drs. Nelson, Tucker and Mitchell each opined that Claimant did sustain such a specific loss. Despite those contrary medical opinions, the WCJ observed that the Workers' Compensation Act (Act)[1] does not recognize the loss of use of an ankle as being a compensable specific loss. Nor does the Act recognize the ankle as being part of the foot. Given the unanimous opinion of the medical testimony that Claimant actually lost the use of his left ankle, the WCJ determined she could not find Claimant lost the use of his left foot. Rather, the WCJ determined Claimant's undisputed, ongoing problems with his left ankle cause him to remain totally disabled due to his work injury. WCJ F.F. 21, R.R. 243a.[2]

Employer appealed to the Board. The Board affirmed, particularly noting the WCJ did not err in concluding Employer did not prove Claimant sustained a specific loss of use of his left foot as a result of his work-related injury. The Board found it significant that Claimant never actually sustained an injury to his foot and the doctors did not discuss a loss of use of Claimant's foot separate from his ankle problems. The Board agreed the Act does not recognize the loss of use of an ankle as being a compensable specific loss. Nor does the Act recognize the ankle as being part of the foot. Board Op. 4–5; R.R. 218a–19a.

The Board rejected Employer's argument that Section 306(c)(24) of the Act is applicable. That section provides "amputation at the ankle shall be considered as the equivalent of loss of use of the foot." 77 P.S. § 513. The Board determined Section 306(c)(24) did not apply to Claimant because Claimant's foot was not amputated. The Section did not provide that an ankle and a foot are the same.

In making its decision, the Board discussed a basic premise of the Act, that the Act is remedial in nature and must be liberally construed in order to effectuate its humanitarian objectives. *Lehigh Coun-*

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2626.

2. The total workers' compensation rate applicable to Claimant's work injury is $503.13 per week. WCJ F.F. No. 2.

*ty Vo–Tech Sch. v. Workmen's Comp. Appeal Bd. (Wolfe),* 539 Pa. 322, 652 A.2d 797 (1995). As Claimant continues to suffer from his work-related ankle injury, and the Act does not provide for the specific loss of an ankle, or that the ankle is part of the foot, the Board concluded the WCJ acted in accordance with the law and the humanitarian purposes of the Act in not suspending Claimant's benefits. Bd. Op. 5, R.R. 219a. Employer appeals to this Court.[3]

Before us, Employer contends the WCJ committed reversible error when, though she acknowledged the testimony of medical experts that a specific loss occurred, she refused to find such a loss. Employer argues the WCJ made a medical finding of fact when she found the ankle is separate, a fact contrary to the medical evidence that the ankle is part of the foot. Employer again cites Section 305(c)(24) and concludes the WCJ's rationale that the Act does not consider the ankle synonymous with the foot is not supported by the medical evidence and/or the law.

■ Reviewing the record of the medical testimony relied upon, we note the following. Dr. Nelson testified, "the repair that I did on his ankle was a reconstructive procedure that I use routinely for repairing this type of injury." R.R. 51a. Dr. Mitchell testified, "[a]s a result of the damage which was major to the ligaments, he was left with a looseness of the ankle joint. The ligaments were not holding the bone and ankle tightly so they could function without stress." R.R. 16a–17a. Dr. Tucker described that Claimant sustained an "ankle sprain" that "actually tore the ligament." R.R. 92a. Dr. Tucker next identified the cause of Claimant's pain as

being a neuroma in the ankle that could have occurred as a result of the reconstructive surgery or the ankle sprain occurring on the date of the injury. R.R. 98a–99a. All this medical testimony addresses Claimant's ankle, not his foot.

■ We agree with the Board's rationale in affirming the WCJ. As we noted recently in *Gallie v. Workers' Comp. Appeal Bd. (Fichtel & Sachs Indus.),* 831 A.2d 1263 (Pa.Cmwlth.2003), "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa. C.S. § 1921(a). "The ultimate goal of the workers' compensation program is to make an injured employee whole." *O'Brien v. Workers' Comp. Appeal Bd. (City of Philadelphia),* 780 A.2d 829, 834 (Pa.Cmwlth. 2001). "Thus, the Act must be liberally construed to effectuate its humanitarian purposes with "borderline interpretations resolved in favor of the injured employee." *Gallie* at 1265.

The Act does not provide for specific loss of an ankle. The Act does not define "foot." Given the lack of explicit statutory guidance, we adopt a construction most favorable to this employee. We therefore affirm the determination that the loss of use of Claimant's ankle is not a specific loss of his foot as a matter of law.

***ORDER***

AND NOW, this 17th day of October, 2003, the decision of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed.

---

**3.** This Court's review is limited to a determination of whether necessary findings of fact are supported by substantial evidence, whether the Board procedures were violated, whether constitutional rights were violated, or an error of law was committed. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704; *Bey v. Workers' Comp. Appeal Bd. (Ford Elecs.),* 801 A.2d 661 (Pa.Cmwlth.2002).