859 A.2d 1286

Patricia GALLIE

v.

**WORKERS' COMPENSATION APPEAL BOARD
(FICHTEL & SACHS INDUSTRIES).**

**Appeal of Fichtel & Sachs Industries.**

Supreme Court of Pennsylvania.

Argued May 13, 2004.

Decided Oct. 25, 2004.

Thomas C. Lowry, Midland, TX, for Fichtel & Sachs Industries.

Amber Marie Kenger, Richard C. Lengler, Harrisburg, for Workers' Compensation Appeal Board.

Peter John Classetti, Newton, Dina Brilliant, for Patricia Gallie.

Before CAPPY, C.J., CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN, BAER, JJ.

## OPINION

Justice BAER.

In this case of first impression, we are asked to determine when the 30–day period for filing a petition for review of a Utilization Review Organization (URO) [1] report, as specified in Section 306(f.1)(6)(iv) of the Pennsylvania Workers' Compensation Act (Act), 77 P.S. § 531(6)(iv), commences, and, concomitantly, tolls, rendering an after-filed petition time-barred and consequently unreviewable. [2] The Commonwealth Court held that Section 306(f.1)(6)(iv) of the Act is ambiguous regarding when such 30–day time period begins, and therefore, ends. In interpreting Section 306(f.1)(6)(iv), that Court concluded the

---

1.  Section 109 of the Workers' Compensation Act (Act), 77 P.S. § 29, defines UROs as

    those organizations consisting of an impartial physician, surgeon or other health care provider or a panel of such professionals and providers as authorized by the Secretary of Labor and Industry and published as a list in the form of a notice in the Pennsylvania Bulletin for the purpose of reviewing the reasonableness and necessity of treatment by a health care provider pursuant to section 306(f.1)(6).

2.  The relevant statutory language at issue reads:

    If the provider, employer, employe or insurer disagrees with the finding of the utilization review organization, a petition for review by the department must be filed within thirty (30) days after receipt of the report. The department shall assign the petition to a workers' compensation judge for a hearing or for an informal conference under section 402.1. The utilization review report shall be part of the record before the workers' compensation judge. The workers' compensation judge shall consider the utilization review report as evidence but shall not be bound by the report.

    77 P.S. § 531(6)(iv).

30–day period begins to run on the date the Department of Labor and Industry, Bureau of Workers' Compensation (Department), receives notice of the URO report, or from the date the party seeking review receives the report, whichever is later. For the reasons that follow, we reverse.

The underlying facts are as follows. On September 23, 1994, Patricia Gallie (Claimant) injured her back while working for Fichtel & Sachs Industries (Employer). Pursuant to a notice of compensation payable, Employer began paying Claimant workers' compensation benefits for her work-related injury. Claimant, thereafter, began treating with Dr. Denise Primavera, a chiropractor, who supplemented her chiropractic adjustments with ultrasound therapy. Dr. Primavera also referred Claimant to Patricia Alderfer, a massage therapist. Dr. Primavera recommended that Claimant alternate her treatments of adjustments and ultrasound with her massage therapy, resulting in Claimant's receipt of one type of treatment or the other every two weeks.

On March 12, 2001, Employer filed a Utilization Review (UR) Request, pursuant to Section 306(f.1)(6) of the Act,[3] questioning the reasonableness and necessity of the chiropractic adjustments, ultrasound and massage therapy. The Department assigned the UR to a URO by notice dated March 20, 2001. Thereafter, the URO reviewed the matter and issued its determination in a report mailed to the parties on May 18, 2001. In its report, the URO concluded that, while ongoing chiropractic adjustments were reasonable and necessary treatments for Claimant's work-related injury, ultrasound therapy and full body massage were not.

Claimant disagreed with the conclusions of the URO report regarding her need for ultrasound therapy and full body massage, and sought to challenge the report by filing a petition for review of the URO report in accordance with Section 306(f.1)(6)(iv) of the Act. The Department assigned the

3. A Utilization Review (UR) Request is the mechanism by which an employee, employer or insurer may challenge the reasonableness or necessity of treatment by a health care provider. Section 306(f.1)(6) of the Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 531(6).

petition to a Workers' Compensation Judge (WCJ) for a hearing, again, as specified by the procedure in Section 306(f.1)(6)(iv).[4]

At the outset of the hearing before the WCJ, Employer objected to Claimant's petition for review on the basis that it was untimely filed. Specifically, Employer alleged that Claimant failed to file her petition within 30 days of her receipt of the URO report as required by Section 306(f.1)(6)(iv). As noted previously, this Section states:

**If the provider, employer, employe or insurer disagrees with the finding of the utilization review organization, a petition for review by the department must be filed within thirty (30) days after receipt of the report.** The department shall assign the petition to a workers' compensation judge for a hearing or for an informal conference under section 402.1. The utilization review report shall be part of the record before the workers' compensation judge. The workers' compensation judge shall consider the utilization review report as evidence but shall not be bound by the report.

77 P.S. § 531(6)(iv) (emphasis added).

As to the timeliness issue, Claimant conceded at the hearing before the WCJ, that she received the URO report by regular mail on May 21, 2001. She stated she specifically remembered the date because she had a scheduled appointment with her massage therapist that day. Upon receiving the URO report, which, in substance, concluded that Employer or its insurer was not compelled to pay for massages, Claimant immediately called her massage therapist, who informed Claimant that she had not been paid for some prior treatments; would prefer to not see Claimant until the matter of payment was resolved; and, accordingly, cancelled the treatment scheduled for that date.

Claimant also testified that she "held onto" the URO report until her next appointment with her chiropractor, Dr. Primav-

---

4. *See* Section 306(f.1)(6)(iv), "[t]he department shall assign the petition to a workers' compensation judge for a hearing. . . . "

era. She stated that she wanted to discuss the URO's finding that Dr. Primavera's use of ultrasound therapy was not reasonable or necessary, and she assumed that Dr. Primavera would want to challenge the URO report. Claimant testified initially that she believed her medical provider was responsible for seeking review of the report. Upon speaking to Dr. Primavera, however, she learned it was her responsibility. Accordingly, Claimant drafted a petition for review and personally mailed it at the post office. She testified she requested the postal clerk to date stamp the envelope by hand. While Claimant testified she mailed the petition on June 18, 2001, the envelope in which it was mailed was postmarked June 22, 2001.

The WCJ made several critical findings of fact regarding the testimony presented at the hearing. First, it accepted Claimant's testimony that she received the URO on May 21, 2001. Additionally, in light of the June 22, 2001 postmark, the WCJ rejected Claimant's testimony that she mailed her review petition on June 18, 2001, and instead found that the petition was mailed on June 22, 2001. The WCJ also noted that the Department received its copy of the URO report on May 24, 2001, three days after Claimant. The WCJ was therefore faced with the statutory construction issue which has led all the way to this Court. The Act at 306(f.1)(6)(iv) (quoted *supra.*) mandates the filing of the petition for review "within 30 days after receipt of the report." If this language refers to receipt by Claimant, her June 22, 2001 filing was untimely, and her claim therefore unreviewable. Conversely, if the language refers to receipt by the Department, Claimant's June 22, 2001 filing was timely and the WCJ was permitted and required to rule on its merits.

The WCJ held Section 306(f.1)(6)(iv) is ambiguous as to the commencement of the 30 days within which Claimant had to file her review petition. Applying rules of statutory construction, the WCJ determined that where, as here, a claimant and the Department receive notice of a URO report on different dates, the date of the latest receipt controls. Because the Department received the URO report on May 24, 2001, less

than 30 days before Claimant mailed her petition for review, the WCJ concluded that it was timely. The WCJ further found that Claimant's ongoing ultrasound therapy and full body massage were reasonable and necessary. Thus, on March 29, 2002, the WCJ filed its decision and order sustaining Claimant's petition for review of the URO report.

Employer then appealed to the Workers' Compensation Appeal Board (WCAB) arguing that the WCJ erred by using the date of receipt by the Department to determine that Claimant timely filed her petition for review of the URO report. On April 30, 2003, the WCAB vacated the WCJ's decision and dismissed Claimant's petition as untimely. The WCAB reasoned:

> **Section 306(f.1)(6)(iv) refers only to "the provider, employer, employe or insurer," and contains no reference to the [Department].** Under those circumstances, there is no basis for the [WCJ's] conclusion that, when a claimant and the [Department] receive a utilization review determination on different dates, the date of the latest receipt controls. To the contrary, the thirty day period begins to run on the date of receipt by either "the provider, employer, employe or insurer," depending upon who filed the petition for review.
>
> \* \* \*
>
> Because Claimant did not mail her Petition within the thirty day limit prescribed by Section 306(f.1)(6)(iv), the Petition was not timely filed.

WCAB Opinion at 3–4 (emphasis added).

Claimant appealed the WCAB's decision to the Commonwealth Court, which, agreeing with the WCJ and disagreeing with the WCAB, determined that the statutory language of Section 306(f.1)(6)(iv) of the Act is ambiguous regarding when the period for filing a petition for review commences because such language does not specify whose receipt of the URO report triggers the start of the 30–day time period within which a petition must be filed. Citing Rule 1921(a) of the

Rules of Statutory Construction, 1 Pa.C.S. § 1921(a), the Commonwealth Court recognized that "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." *Gallie v. Workers' Compensation Appeal Board (Fichtel & Sachs Industries)*, 831 A.2d 1263, 1265 (Pa.Cmwlth.2003). In addition, the Commonwealth Court acknowledged that, "The ultimate goal of the workers' compensation program is to make an injured employee whole." *Id.* (citing *O'Brien v. WCAB (City of Philadelphia)*, 780 A.2d 829 (Pa.Cmwlth.2001)). Moreover, it also recognized that the Act must be liberally construed to effectuate its humanitarian purposes with borderline interpretations resolved in favor of the injured employee. *Id.* (citing *Erb v. WCAB (Steris Corp.)*, 812 A.2d 773 (Pa.Cmwlth.2002), *appeal denied*, 573 Pa. 674, 821 A.2d 588 (2003)). The Commonwealth Court then reasoned that:

> Contrary to the Board's assertion, section 306(f.1)(6)(iv) makes repeated reference to the Department's role in the utilization review process. This includes reference to the Department's responsibility in the adjudication of utilization disputes. Moreover, the URO report originates outside the Department from a third-party source. The Department's receipt of the URO acts as an easily-ascertained, objective landmark from which the petition period may be measured.
>
> For these reasons, we respectfully disagree with the Board's interpretation. The WCJ's interpretation, that the petition period begins to run from receipt of the URO report by either the Department or the petitioning party, whichever is later, is reasonable and best effectuates the humanitarian purpose of the Act.

*Id.*

Thus, the court held that the 30–day period begins to run from the later of when Claimant or the Department receives notice. Because Claimant filed her petition for review from the URO's report less than 30 days from the Department's May 24, 2001 receipt, the Commonwealth Court concluded that it was filed timely. Our Court granted Employer's Petition for Allowance of Appeal because, as acknowledged by

the Commonwealth Court, this is a question of first impression on which we have never spoken.

■■■ Employer argues that the Commonwealth Court improperly found the language of Section 306(f.1)(6)(iv) to be ambiguous, when, in fact, the language of the provision is free and clear of ambiguity. Specifically, Employer notes that Section 306(f.1)(6)(iv) plainly and unambiguously specifies that the 30–day period set forth therein begins to run on the date of receipt by either "the provider, employer, employee or insurer," depending upon which of these parties files a petition for review. Employer claims that the Commonwealth Court's improper conclusion that the language of the provision is ambiguous further leads to the erroneous conclusion that the 30–day period begins to run from the later of when Claimant or the Department receives notice. We agree.[5]

■■■ As this matter involves the interpretation of a statutory provision, we are guided by the principles set forth in the Statutory Construction Act, 1 Pa.C.S. § 1501 *et seq.* Section 1921 of the Act, 1 Pa.C.S. § 1921, specifies that the object of interpretation and construction of all statutes is to ascertain and effectuate the intention of the General Assembly. *See* 1 Pa.C.S. §§ 1921; *City of Philadelphia v. WCAB (Williams),* 851 A.2d 838 (Pa.2004). Furthermore, we recognize, as did the Commonwealth Court, that the Workers' Compensation Act is remedial legislation. *See East v. WCAB (USX Corp/Clairton),* 574 Pa.16, 828 A.2d 1016, 1021 (2003). As such, it is subject to a liberal construction to effectuate the Act's purpose of benefiting injured workers and their dependents. *See Id.* at 1021; *see also* 1 Pa.C.S. § 1928 (listing those classes of statutes that are subject to strict construction, not including remedial statutes, and noting that all others shall be liberally construed). However, statutory interpretation is not

5. A WCJ's adjudication may only be reversed if the judge committed an error of law, violated a party's constitutional rights, or made findings of fact that are not supported by substantial evidence. *See* 2 Pa.C.S. 704; *U.S.Airways v. WCAB,* 854 A.2d 411 (2004). Where, as here, the issue implicates a question of statutory construction, our review is plenary. *See Hannaberry HVAC v. WCAB (Snyder, Jr.),* 575 Pa.66, 834 A.2d 524, 526 (2003).

without limits. The plain language of the statute is the clearest indication of legislative intent and when the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. *See* 1 Pa.C.S. § 1921(b). It is only when "the words of the statute are not explicit" on the point at issue that resort to statutory construction is appropriate. *City of Philadelphia*, 851 A.2d at 844.

Section 306(f.1)(6) of the Act sets forth the entire procedure that must be followed by an employer who wishes to contest the reasonableness and necessity of medical treatment rendered by a health care provider as treatment for a claimant's injury. Subparagraph (iv) of Section 306(f.1)(6) establishes the procedure that a party seeking to challenge the findings of a URO must follow. This subparagraph clearly and plainly states that "[i]f the provider, employer, employe or insurer disagrees with the finding of the utilization review organization, a petition for review ... must be filed within thirty (30) days after receipt of the report." 77 P.S. § 531(6)(iv).

The regulations accompanying Section 306(f.1)(6) mirror the requirements of the Act. Specifically, they provide, in relevant part, as follows:

If the provider under review, the employe, the employer or the insurer disagrees with the determination rendered by the URO, a request for review by the Bureau may be filed on a form prescribed by the Bureau as a petition for review of a UR determination.

34 Pa.Code § 127.551. As for the time for filing such a petition for review of a UR determination, the regulations also provide:

The original and eight copies of the petition for review shall be filed with the Bureau **within 30 days of receipt** of the URO's determination.

34 Pa.Code § 127.552 (emphasis added).

In our view, and contrary to the Commonwealth Court's conclusion, there is nothing ambiguous regarding whose receipt triggers the start of the 30–day period contained in Section 306(f.1)(6)(iv) and its accompanying regulations. We

believe that the provision clearly provides that the 30–day time period begins to run upon receipt of the URO's findings by the provider, employer, employee or insurer, and not by the Department. Thus, if the provider, employer or insurer had chosen to appeal, each would have had 30 days from their receipt of the URO report to file a petition.

Our conclusion in this regard is confirmed by another factor. The Department has no mechanism to inform the public of the date it receives findings from a URO. Under the Commonwealth Court's interpretation of Section 306(f.1)(6)(iv), such date would be crucial to any provider, employer, employee or insurer desiring to file a timely petition for review. To meet this need, the Department would have to develop a publicly accessible docketing system for URO reports. If this were the result intended by the Legislature, we believe that a clear indication of such intent would have been set forth in the Act. As it was not, we will not graft such language into the provision.

For the foregoing reasons, we hold that, the plain language of Section 306(f.1)(6)(iv) indicates that the time period for filing a petition for review of a URO report begins to run from the date the party seeking review receives such notice. Because the petition for review filed by Claimant was not filed within 30 days of her receipt of the URO report, it was untimely.[6] Thus, the order of the Commonwealth Court is reversed.

Justice SAYLOR files a Concurring and Dissenting Opinion in which Justice NIGRO joins.

---

6. Before the WCJ, Claimant also argued that Employer failed to comply with a Bureau regulation governing service of URO reports, found at 34 Pa.Code § 127.476, by not serving the URO report upon the attorneys for the parties, if known, by certified mail. Because Claimant was ultimately successful on her underlying challenge to the findings of the URO report before the WCJ, this claim was not addressed. However, in reversing the WCJ, the WCAB did address it. The WCAB found that because it is undisputed that Claimant actually received the URO report on May 21, 2001, she is not prejudiced by Employer's failure to comply with the regulation concerning service, and any error is harmless. *See* WCAB Opinion, filed 4/30/03, at 3. We agree.

Justice SAYLOR, Concurring and Dissenting.

I join the majority's analysis and holding on the central question presented, namely, the impact of provision to the Department of a utilization review report upon the timeliness of a petition for review from the utilization review.

I would apply a different analysis, however, relative to a failure of service upon a claimant's counsel. By virtue of the character of the attorney-client relationship, individuals rely upon their lawyers to protect their interests that are within the scope of the retention. Indeed, in virtually all litigation contexts, service upon counsel is required—the utilization review process is no exception, since, as the majority observes, the Department's regulations require service by certified mail of a determination upon claimants' counsel, if known. *See* 34 Pa.Code § 127.476(c), (e). In view of this representational dynamic and the Department's regulations, I would hold that the receipt triggering the thirty-day period for filing a petition for review of a URO report is by the claimant and known counsel.

Here, Claimant maintains that she has been represented by counsel since August of 1997. The worker's compensation judge, however, did not render any findings concerning whether Claimant was in fact represented and, if so, whether this was known to Employer. Accordingly, as the parties dispute the facts surrounding counsel's involvement,[1] I would remand the matter for additional fact finding.

Justice NIGRO joins this concurring and dissenting opinion.

Claimant's assertion that Employer's failure to serve the URO report upon her attorney denied her the basic right to counsel is to no avail. The running of the time period for filing a petition for review is unaffected by the date counsel received the URO report and Claimant admits to receiving it on May 21, 2001. Employer in no way prevented her from contacting an attorney at any time in order to file a timely petition for review. In fact, it was Claimant who eventually filed the petition for review, *pro se*, albeit untimely.

1. Employer contends that the fact that Claimant filed the petition for review herself corroborates that she was not represented by counsel. On the front of the petition for review, however, Claimant provided the name and telephone number of her attorney.