**Richard MAREK, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (LOGISTICS EXPRESS, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 4, 2014.

Decided July 16, 2014.

Lester Krasno, Pottsville, for petitioner.

Robert Baker, Harrisburg, for respondent, Logistics Express, Inc.

BEFORE: BERNARD L. McGINLEY, Judge, and PATRICIA A. McCULLOUGH, Judge, and ROCHELLE S. FRIEDMAN, Senior Judge.

OPINION BY Judge McCULLOUGH.

Richard Marek (Claimant) petitions for review of the October 30, 2013 order of the Workers' Compensation Appeal Board (Board), which affirmed the decision of a workers' compensation judge (WCJ) denying and dismissing Claimant's penalty petition. We affirm.

The underlying facts of this case are not in dispute. Claimant sustained an injury to his back on July 17, 1995, in the course and scope of his employment with Logistic Express, Inc. (Employer). Employer issued a Notice of Compensation Payable on August 1, 1995, describing Claimant's injury as herniated nucleus pulpous at L1–2, L3–4, and L4–5. On several occasions in the subsequent years, Claimant returned to work at wages equal to or greater than his pre-injury wages and his benefits were suspended. However, Claimant often suffered a recurrence of symptoms related to his original work injury, which resulted in a reinstatement of his total disability benefits. Most recently, Claimant's benefits were suspended effective October 6, 2003, and a later petition seeking a reinstatement of benefits as of January 11, 2005, was denied by a WCJ's decision and order dated September 27, 2006. Although Claimant was not receiving wage loss benefits, Employer remained responsible for Claimant's medical expenses relating to his work injury.

On December 3, 2009, Claimant filed a penalty petition alleging that Employer had violated the Workers' Compensation Act (Act)[1] by unilaterally ceasing payment of his medical bills. Specifically, Claimant alleged as follows:

IWP has contacted Claimant's counsel because bills have not been paid allegedly because there is a Utilization Review filed. Counsel has checked his file for the Utilization Review. Counsel has even ordered the Bureau documents and there is no Utilization Review. Penalties are requested by reason of the car-

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2708.

rier advising that they will not pay because of a favorable Utilization Review that we are unable to locate and which has not been appropriately served.

(Supplemental Reproduced Record (S.R.R.) at 2b.) Employer filed an answer denying Claimant's allegation. The case was assigned to a WCJ, who conducted multiple hearings.

Neither Claimant nor Employer presented any witnesses; rather, each party submitted documentary evidence and counsel argued their respective positions. Claimant's documentary evidence consisted of his fee agreement with counsel, a bill of costs, counsel's itemized list of services, and a brief with proposed findings of fact, conclusions of law, and an order. Employer's documentary evidence included a "UR Request Packet" (Employer's ex. 1), comprising a request to review the treatment Claimant received from Dr. Maxime G. Gedeon from January 7, 2008, and ongoing; a UR determination face sheet indicating that KVS Consulting Services, the Utilization Review Organization (URO), received the assignment on February 14, 2008, and issued a determination on April 21, 2008; and a UR report from Josh H. Johnson, M.D. Employer also submitted a letter brief with proposed findings of fact, conclusions of law, and an order.

Employer's UR request properly identified counsel for Claimant. In addition, the UR determination face sheet states that the UR determination was mailed to all parties and the Bureau of Workers' Compensation (Bureau) on April 21, 2008. This face sheet identified the name and addresses of the URO, Employer's insurance representative, Claimant, and the provider under review, but did not include Claimant's counsel. However, both the face sheet and the UR report suggest that Claimant did have notice of the UR request, as they indicate that Claimant submitted a statement to the URO noting that the treatment at issue allows him to cope with his pain and improves his quality of life.

By decision and order dated April 15, 2011, the WCJ denied and dismissed Claimant's penalty petition. The WCJ concluded that Claimant failed to establish that Employer violated any provision of the Act or the accompanying regulations by failing to serve Claimant with a copy of the UR determination. The WCJ found that there was no evidence in the record of any statutory or regulatory provision requiring an employer or its insurance carrier to serve a copy of the UR determination on a claimant and/or a claimant's counsel. Rather, the WCJ found that section 127.476 of the Medical Cost Containment Regulations (Regulations), 34 Pa.Code § 127.476, upon which Claimant relied, imposed a duty of service solely on the URO. Although the URO may have failed to comply with this regulation, the WCJ noted that URO is not a party to the litigation and, even if it were, the Act only provides for the payment of penalties by employers or insurers. Further, the WCJ noted the lack of any evidence in the record that an employer or insurer has any responsibility for the action or inaction of a URO. Claimant appealed to the Board, which affirmed.

On appeal to this Court,[2] Claimant argues that the WCJ erred in concluding that he failed to establish that Employer violated the Act by failing to serve him or

**2.** Our scope of review is limited to determining whether findings of fact are supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

his counsel with a copy of the UR determination.[3] We disagree.

■ Section 306(f.1)(1) of the Act obligates the employer to pay "for reasonable surgical and medical services, services rendered by physicians or other health care providers ... medicines and supplies, as and when needed." 77 P.S. § 531(1)(i). Section 306(f.1)(6) of the Act, 77 P.S. § 531(6), sets forth the procedure to be followed regarding disputes as to the reasonableness or necessity of treatment by a health care provider, stating that:

(i) The reasonableness or necessity of all treatment provided by a health care provider under this act may be subject to prospective, concurrent or retrospective utilization review at the request of an employe, employer or insurer. The department shall authorize utilization review organizations to perform utilization review under this act. Utilization review of all treatment rendered by a health care provider shall be performed by a provider licensed in the same profession and having the same or similar specialty as that of the provider of the treatment under review. Organizations not authorized by the department may not engage in such utilization review.

(ii) The utilization review organization shall issue a written report of its findings and conclusions within thirty (30) days of a request.

(iii) The employer or the insurer shall pay the cost of the utilization review. (iv) If the provider, employer, employe or insurer disagrees with the finding of the utilization review organization, a petition for review by the department must be filed within thirty (30) days after receipt of the report. The department shall assign the petition to a workers' compensation judge for a hearing or for an informal conference under section 402.1. The utilization review report shall be part of the record before the workers' compensation judge. The workers' compensation judge shall consider the utilization review report as evidence but shall not be bound by the report.

77 P.S. § 531(6)(i)-(iv). This statutory provision imposes only one obligation upon an employer, which is to pay the cost of the UR review.

■ Section 430(b) of the Act cautions that "[a]ny insurer or employer who terminates, decreases or refuses to make any payment provided for in the decision without filing a petition and being granted a supersedeas shall be subject to a penalty as provided in section 435...." 77 P.S. § 971(b). Section 435(d) of the Act provides as follows:

The department, the board, or any court which may hear any proceedings brought under this act shall have the power to impose penalties as provided herein for violations of the provisions of

3. Employer argues that Claimant's petition for review should be quashed because Claimant's brief does not comply with the Rules of Appellate Procedure. Employer notes that Claimant's reproduced record is materially incomplete, Claimant's brief does not contain a statement of jurisdiction as required by Pa. R.A.P. 2111(a)(1), and Claimant's statement of the case does not cite or reference the reproduced record as required by Pa.R.A.P. 2117(a)(4). While Employer is correct that Claimant's brief does not meet the technical

requirements of the aforementioned rules, his brief does not prevent this Court from conducting meaningful appellate review and we decline to quash his petition for review on these bases. Moreover, regarding the reproduced record, we note that Pa.R.A.P. 2152(a) merely requires inclusion of the relevant docket entries and relevant portions of the pleadings or findings. Employer does not identify any such relevant material omitted from Claimant's reproduced record.

this act or such rules and regulations or rules of procedure:

(i) Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable: Provided, however, That such penalty may be increased to fifty per centum in cases of unreasonable or excessive delays. Such penalty shall be payable to the same persons to whom the compensation is payable.

Added by the Act of February 8, 1972, P.L. 25, 77 P.S. § 991(d)(i). A claimant who files a penalty petition has the burden of proving a violation of the Act. *Allegis Group v. Workers' Compensation Appeal Board (Coughenaur)*, 7 A.3d 325 (Pa. Cmwlth.2010).

Claimant reiterates his argument that Employer violated section 127.476 of the Regulations by failing to serve him or his counsel with a copy of the UR determination. This section is entitled "Duties of UROs—form and service of determinations," and states as follows:

(a) Each determination rendered by a URO on the merits shall include a form prescribed by the Bureau as a medical treatment review determination face sheet and the reviewer's report. The face sheet shall be signed by an authorized representative of the URO.

(b) When a determination is rendered against the provider under review on the basis that no records were supplied by the provider, the determination shall consist only of the face sheet. However, in these cases, the face sheet shall clearly indicate that the basis for the decision is the failure of the provider under review to supply records to the URO.

(c) The URO's determination, consisting of both the face sheet and the reviewer's report, *shall be served on the employe, the insurer or employer, the provider under review, the attorneys for the parties, if known, and the Bureau.*

(d) *The URO shall also serve* a copy of a petition for review of a UR determination on all parties and their attorneys, if known.

(e) Service shall be made by certified mail, return receipt requested and shall be made on the same date as is entered on the appropriate line of the face sheet.

34 Pa.Code § 127.476 (emphasis added).

We agree with the WCJ and the Board that section 127.476 imposes no service requirement on Employer. Rather, the plain language of this section, including its title, imposes the requirement on the URO to serve the determination on all of the parties. Subsection (c) sets forth the mandatory requirement of service on the employee, the insurer or employer, the provider under review, and, if known, the attorneys for the parties.[4] The reference in subsection (d) that the "URO shall also serve" further supports a conclusion that service is to be effectuated by the URO. Because section 127.476 does not impose a service requirement on Employer, Claimant cannot establish that Employer violated the Act or its regulations and the WCJ properly denied and dismissed Claimant's penalty petition.

In support of his contentions, Claimant cites *Gallie v. Workers' Compensation Appeal Board (Fichtel & Sachs Industries)*, 580 Pa. 122, 859 A.2d 1286 (2004), which concerned the issue of the proper date for commencement of the 30–day time period

---

4. While the record reveals that Employer identified Claimant's counsel in his UR request submitted to the Bureau, the WCJ found that it was not clear whether this request was forwarded to the URO or if the URO was otherwise aware of Claimant's counsel. (Finding of Fact No. 27.)

for filing a petition to review a UR determination (review petition) under section 306(f.1)(6)(iv) of the Act, 77 P.S. § 531(6)(iv).[5] In a footnote, the court noted the claimant's argument that the employer failed to serve the UR report upon the parties' attorneys by certified mail, as required by section 127.476. The court stated that because the claimant was ultimately successful in challenging the URO's findings before the WCJ, this claim was not addressed. The court noted that the claimant was not prejudiced by the employer's failure to comply with the regulation because the claimant actually received the UR report. Notably, this dicta did not concern a request for penalties or address whether the employer's conduct violated the Act. Accordingly, Claimant's reliance on *Gallie* is misplaced.

Moreover, we note that Claimant, who bore the burden in this case, failed to specifically identify, let alone enter into the record, any medical bills which Employer purportedly refused to pay. Claimant's penalty petition does not set forth the dates or amounts of any unpaid medical bills. Likewise, there is no evidence in the record that Employer denied payment of these bills, that said bills were causally

related to Claimant's work injury, or that the bills were submitted on the proper forms in accordance with the reporting requirements of the Act.[6]

Claimant also asserts that it was impossible for him to challenge the validity of the UR determination because neither he nor his counsel received a copy of this determination. However, although Employer relies on the UR determination as excusing its obligation to pay Claimant's medical bills, the record reveals that the UR determination at issue in this case was actually in Claimant's favor. Specifically, the determination page of the UR report indicates "yes" when asked if the health care reviewed was reasonable and necessary, (R.R. at 22a), and the UR report concludes that Claimant's "[o]ffice visits and all other treatment and prescriptions ... are considered reasonable and necessary," R.R. at 28a. (Emphasis in original.) Nevertheless, Claimant limited his argument before the WCJ and the Board, and now this Court, to Employer's purported violation of the Act for failing to serve him with a copy of the UR determination, which we have concluded is without merit.[7]

---

**5.** Section 306(f.1)(6)(iv) provides as follows:

If the provider, employer, employe or insurer disagrees with the finding of the utilization review organization, a petition for review by the department must be filed within thirty (30) days after receipt of the report. The department shall assign the petition to a workers' compensation judge for a hearing or for an informal conference under section 402.1. The utilization review report shall be part of the record before the workers' compensation judge. The workers' compensation judge shall consider the utilization review report as evidence but shall not be bound by the report.

**6.** The general procedure for payment of medical bills is found in sections 306(f.1)(2) and (5) of the Act, 77 P.S. §§ 531(2), (5), and the

accompanying Regulations. Section 127.201 of the Regulations, requires that a request for payment of medical bills be made on either HCFA Form 1500 or the UB92 Form (HCFA Form 1450), or any successor forms. 34 Pa. Code § 127.201. Section 306(f.1)(2) of the Act and section 127.203 of the Regulations, 34 Pa.Code § 127.203, requires providers to file periodic medical reports with the employer and relieves the employer from liability to pay for treatment until a report has been filed.

**7.** Claimant, however, may not be left without a remedy. Claimant's penalty petition herein was premised solely on Employer's purported failure to serve him with a copy of the UR determination. To date, Claimant has not sought penalties with respect to Employer's failure to pay his medical expenses after the URO ruled in his favor.

Accordingly, the order of the Board is affirmed.[8]

## ORDER

AND NOW, this 16th day of July, 2014, the order of the Workers' Compensation Appeal Board, dated October 30, 2013, is hereby affirmed.

---

8. In his brief to this Court, Claimant also argues that his due process rights were violated, that this matter preceded the Act of June 24, 1996, P.L. 350, No. 57 (Act 57) and should be controlled by the Act of July 2, 1993, P.L. 190, No. 44 (Act 44), and that the UR determination should have been voided. However, Claimant failed to raise any of these arguments before the WCJ and only the last argument was raised before the Board. Hence, these arguments are waived. *Budd Baer, Inc. v. Workers' Compensation Appeal Board (Butcher)*, 892 A.2d 64 (Pa.Cmwlth.), *appeal denied*, 588 Pa. 784, 906 A.2d 544 (2006) (issues not raised before the WCJ and the Board are deemed waived on appeal to this Court).