IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Hulda Gillot, : 
              Petitioner : 
               : No.  387 C.D. 2021
         v. : 
               : Submitted:  October 15, 2021
Visiting Nurse Association of Greater : 
Philadelphia (Workers' Compensation : 
Appeal Board), : 
              Respondent : 

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE ELLEN CEISLER, Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH              FILED: August 30, 2022

Hulda Gillot (Claimant) petitions for review of the March 10, 2021 adjudication of the Workers' Compensation Appeal Board (Board), which affirmed the decision of the Workers' Compensation Judge (WCJ) denying her petition for review of utilization review (UR) determinations filed against the Visiting Nurse Association of Greater Philadelphia (Employer).  Claimant contends that Employer's UR requests were untimely, and that Employer did not meet its burden of proving her medical treatment was unreasonable and unnecessary because palliative care was not addressed. Following review, we affirm.

On November 10, 2016, Claimant sustained an injury while working for Employer. Claimant filed a claim petition on December 13, 2016,[1] alleging that she sustained multiple injuries at work, resulting in a disability. On December 14, 2016, Employer issued a medical-only notice of temporary compensation payable (NTCP) pursuant to the provisions of the Workers' Compensation Act (Act),[2] acknowledging that a work injury occurred, but disputing that it caused a disability.[3] On February 9, 2017, the NTCP converted to an NCP.[4] On November 26, 2018, a WCJ granted Claimant's claim petition and found that her work injuries included a closed head injury, post-concussion syndrome, right shoulder rotator cuff tear, lumbar strain and sprain, left-sided lumbar radiculopathy, left hip sprain, and severe right foot contusion.[5]

On December 12, 2018, Employer filed UR requests to determine if Claimant's treatments from the following five providers were reasonable and necessary: Angela Mess, D.C.; Michael Schaeffer, D.P.M.; Eddie T. Carvajal, L.Ac.; George L. Rodriguez, M.D. (Dr. Rodriguez); and John Eshleman, D.O. The UR reviewers (Reviewer or Reviewers) determined (1) that the chiropractic treatment provided by Mess was not reasonable or necessary from November 2,[6] 2016, and ongoing, because Mess's documentation lacked a detailed history, examination, diagnosis, or treatment plan for Claimant; (2) that the podiatric treatment provided by Schaeffer was not reasonable or necessary from November 10, 2016, and ongoing,

---

[1] This date is taken from page 5 of Claimant's brief; it is not part of the certified record.

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

[3] The Board noted that the NTCP was not included in the record before it, and, thus, it could not determine what injuries were accepted by Employer. (Board Op. at 1 n.1.) In its brief to this Court, Employer states that it recognized "a low back contusion." (Employer's Br. at 5.)

[4] The date the NTCP was issued and the date it converted to an NCP are taken from page 5 of Claimant's brief, as the dates are not part of the certified record.

[5] The Board noted that the November 26, 2018 decision granting the claim petition was not included in the record before it.

[6] November "2" may be a typographical error, as the injury occurred on November 10, 2016.

2

because there was no evidence Claimant had ongoing soft tissue injuries and the treatments would not benefit her foot injury or its preexisting arthritic changes; (3) that all acupuncture treatment performed by Carvajal was not reasonable or necessary because clinical guidelines only recommend 12 visits for patients with Claimant's diagnoses, which had been surpassed prior to the treatment period under review; (4) that the treatments provided by Dr. Rodriguez were not reasonable or necessary after June 21, 2018, because he was only monitoring Claimant's treatment and the various passive therapy modalities he used to treat Claimant did not address chronic pain and the activity therapy modalities he used to treat Claimant were only warranted for 12 visits, which had been surpassed prior to the treatment period under review; and (5) that all treatment provided by Eshleman was reasonable and necessary from November 10, 2016, and ongoing. (WCJ Decision of 6/24/2020, at 3; Board Op. at 2-3.)

In response, Claimant filed a petition for review of the UR determinations as to all providers[7] to the WCJ. Thereafter, Employer submitted the UR determinations and Claimant submitted a report from Dr. Rodriguez, her current primary treating physician for her work injuries. Additionally, Claimant provided testimony before the WCJ.[8]

Claimant testified before the WCJ that she was currently receiving physical therapy, chiropractic adjustments, acupuncture treatments, and massage through Dr. Rodriguez's office. (Certified Record (C.R.) Item No. 10, Hearing Transcript (H.T.) of 6/12/2019, at 6-8.)[9] At first, the treatments were three times a

---

[7] Notably, the UR determination regarding Eshleman found in Claimant's favor.

[8] While Claimant challenged the UR determinations regarding all her providers, her testimony principally addressed her current treatment with Dr. Rodriguez. Also, Dr. Rodriguez's report, (Certified Record (C.R.) Item No. 12), was limited to the treatment he provided Claimant.

[9] She discontinued treatment with Eshleman and began treatment with Dr. Rodriguez. (C.R. Item No. 10, Hearing Transcript (H.T.) of 6/12/2019, at 10.)

week; they were then reduced to twice a week and currently they are once a week. (*Id.* at 8.) Claimant stated that the treatments themselves have remained the same and that her condition is "[a]lmost the same because" she "still cannot use [her] shoulder" and her back is "terrible." *Id.* However, she claimed that the treatments helped her to "pick up [her] feet and walk a little bit[,]" and, specifically, the massage helped her back pain. (*Id.* at 9-10.) She once missed a weekly treatment and became stiff and had to take pain medication. (*Id.* at 11-12.) However, even when she has therapy, these painful episodes can happen at any time. (*Id.* at 12.)

Following review, the WCJ found Claimant's testimony not credible regarding the reasonableness and necessity of her treatment. (WCJ Decision, Finding of Fact (F.F.) No. 7.) The WCJ based this determination on Claimant's demeanor while testifying and because there was no indication that the treatment helped or improved Claimant's overall work-related symptoms. (*Id.*) The WCJ also found the reports of the UR Reviewers to be more credible than the opinions expressed by Dr. Rodriguez in his report. (F.F. No. 8.) The WCJ noted that the reports of the UR Reviewers were based on industry standards and guidelines and that Dr. Rodriguez's report "reads as a condescending justification of [his] treatment." (*Id.*) The WCJ therefore found that Employer met its burden of establishing that Claimant's medical treatment was unreasonable and unnecessary, except for Eshleman's, who received a favorable review by Employer and whose treatment was not challenged before the WCJ. (F.F. Nos. 7-12.)[10] Accordingly, the WCJ denied Claimant's petition for review.

---

[10] Additionally, on August 15, 2019, the WCJ approved a Compromise and Release Agreement settling Claimant's claim for indemnity benefits. (C.R. Item No. 11, H.T. of 8/12/2019.) The parties agreed that Employer remained responsible for medical benefits and that litigation would continue regarding Claimant's petition for review of UR determinations. (*Id.* at 15-16; Claimant's Br. at 7.)

Claimant appealed to the Board. Claimant first argued that the WCJ failed to address her claim that Employer's UR requests were untimely. Employer filed its UR requests 16 days after the claim petition was granted on November 26, 2018. However, Employer challenged Claimant's medical treatments from 2016 onward, despite having accepted a medical-only NTCP in 2016. Thus, Claimant argues, Employer should have challenged the prior treatments years earlier, but failed to do so. As such, Claimant contended that Employer's UR requests were untimely.

The Board determined that the WCJ did not err in failing to address the issue because Claimant presented no evidence that the UR requests were untimely. The Workers' Compensation Medical Cost Containment Regulations require an employer to request retrospective UR "within 30 days of the receipt of the bill and medical report" but where "contesting liability for the underlying claim, the 30 days in which to request retrospective UR is tolled pending an acceptance or determination of liability." 34 Pa. Code § 127.404(b). Here, no evidence was submitted establishing when the medical bills and reports wer submitted. There was also no showing what injury/injuries Employer accepted because the medical-only NTCP was not submitted into evidence. Clearly, Employer did not accept many of Claimant's injuries, as she had to file a claim petition to receive benefits for a closed head injury, post-concussion syndrome, right shoulder rotator cuff tear, lumbar strain and sprain, left-sided lumbar radiculopathy, left hip sprain, and severe right foot contusion. As such, the record evidence did not support Claimant's contention that the UR requests were untimely.

Claimant's second claim was that Employer did not meet its burden of proving her medical treatment was unreasonable and unnecessary because its evidence did not discuss the palliative nature of the care under review. The Board acknowledged that medical treatment that is solely palliative can be found to be reasonable and

5

necessary. However, the WCJ determines whether the palliative treatment has improved a claimant's symptoms. Here, the WCJ did not credit Claimant's testimony that any of her treatments improved her symptoms. Further, the WCJ credited the UR Reviewers' findings, wherein there is no documentation from Claimant's providers that she had palliative improvement. Thus, the Board determined that the WCJ did not err in concluding the treatments that were intended for palliative care were not reasonable or necessary and affirmed the WCJ.[11]

Claimant petitions for review to this Court;[12] her issues are twofold. Claimant argues that (1) Employer's UR requests were untimely because they were filed nearly two years after liability was established via a medical-only NTCP; and (2) Employer did not meet its burden of proving her medical treatment was unreasonable and unnecessary.

We begin with a review of the UR process, which is the exclusive way to challenge medical bills; neither a WCJ nor the Board has jurisdiction to determine the reasonableness of medical treatment unless and until a report is issued and the Utilization Review Organization (URO) issues a determination. *Warminster Fiberglass v. Workers' Compensation Appeal Board (Jorge)*, 708 A.2d 517, 521 (Pa. Cmwlth. 1998). If the health care provider, employer, employee, or insurer disagrees with the determination of the URO, he may, within 30 days of the URO's determination, seek review by a WCJ. Section 306(f.1)(6)(iv) of the Act, 77 P.S. § 531(6)(iv); 34 Pa. Code § 127.551. This hearing before the WCJ is a *de novo*

---

[11] Claimant also argued that the UR determinations were incompetent because they were authored by physicians who did not have the same or similar specialties of care as her medical providers. Claimant has not raised this claim to this Court; thus, we will not address it further.

[12] This Court reviews the WCJ's adjudication to determine whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated, or whether an error of law was committed. *MV Transportation v. Workers' Compensation Appeal Board (Harrington)*, 990 A.2d 118, 120 n.3 (Pa. Cmwlth. 2010).

6

proceeding; the WCJ is required to consider the reviewer's report as evidence, but he is not bound by it. Section 306(f.1)(6)(iv) of the Act, 77 P.S. § 531(6)(iv);[13] 34 Pa. Code § 127.556.[14]

Review by the URO is narrow in scope; it decides only the reasonableness or necessity of the treatment at issue. 34 Pa. Code § 127.406(a). The URO may not decide the causal relationship between the treatment under review and the employee's work-related injury or the issue of whether the employee is still disabled. 34 Pa. Code § 127.406(b)(1)-(2). The UR process is not properly invoked where the employer disputes liability for medical treatment because it is not causally related to the original work-related injury; such a challenge must be addressed to a WCJ. *Bloom v. Workmen's Compensation Appeal Board (Keystone Pretzel Bakery)*, 677 A.2d 1314, 1317-18 (Pa. Cmwlth. 1996). UR is available only where the employer's liability for a claimant's medical treatment has been established, either by agreement or by

---

[13] Section 306(f.1)(6)(iv) of the Act provides:

> If the provider, employer, employe or insurer disagrees with the finding of the utilization review organization, a petition for review by the department must be filed within thirty (30) days after receipt of the report. The department shall assign the petition to a workers' compensation judge for a hearing or for an informal conference under section 402.1. The utilization review report shall be part of the record before the workers' compensation judge. The workers' compensation judge shall consider the utilization review report as evidence but shall not be bound by the report.

77 P.S. § 531(6)(iv).

[14] 34 Pa. Code § 127.556 provides that "[t]he hearing before the workers' compensation judge shall be a de novo proceeding. The URO report shall be part of the record before the workers' compensation judge and the workers' compensation judge shall consider the report as evidence. The workers' compensation judge will not be bound by the URO report."

litigation; its purpose is to permit oversight of the treatment of an injury and its cost. *Id.*

Pursuant to Section 127.404 of the Medical Cost Containment Regulations:

> (a) UR of treatment may be prospective, concurrent or retrospective, and may be requested by any party eligible to request UR under § 127.401(c) (relating to purpose/review of medical treatment).
>
> (b) If an insurer or employer seeks retrospective review of treatment, the request for UR shall be filed within 30 days of the receipt of the bill and medical report for the treatment at issue. Failure to comply with the 30-day time period shall result in a waiver of retrospective review. *If the insurer is contesting liability for the underlying claim, the 30 days in which to request retrospective UR is tolled pending an acceptance or determination of liability.*

34 Pa. Code § 127.404 (emphasis added). Additionally,

> (a) In medical[-]only cases, when an insurer is paying for an injured worker's medical treatment but has not either filed documents with the Bureau admitting liability for a work-related injury nor has there been a determination to the effect, the insurer *may* still seek review of the reasonableness or necessity of the treatment by filing a request for UR.
>
> (b) If the insurer files a request for UR in a medical[-]only case, the insurer is responsible for paying for the costs of the UR.
>
> (c) If the insurer files a request for UR in a medical[-]only case, then the insurer shall be liable to pay for treatment found to be reasonable or necessary by an uncontested UR determination.

34 Pa. Code § 127.405 (emphasis added).

8

In her brief, Claimant contends that Employer accepted liability for her medical bills via the 2016 medical only NTCP. Thus, the UR requests Employer filed on December 12, 2018, are well beyond the 30-day appeal period set forth in Section 127.404 of the Medical Cost Containment Regulations. 34 Pa. Code § 127.404. Claimant argues that when her claim petition was granted on November 26, 2018, it merely expanded the description of her injuries; it did not negate the fact that Employer was liable for her medical treatment since 2016. Claimant contends that Employer could have filed its UR requests at that time pursuant to Section 127.405 of the Medical Cost Containment Regulations (permitting UR requests in medical-only cases). 34 Pa. Code § 127.405. As such, according to Claimant, Employer cannot use the grant of the claim petition as an excuse for failing to pay more than two years' worth of medical treatment.[15]

We agree with Employer that the record before the Court does not demonstrate that any of its UR requests were untimely. In fact, the record before us does not even establish the nature of the injury that was accepted in the 2016 medical only NTCP. Further, we do know, based on the fact that Claimant filed a claim petition, that she professed to have suffered from injuries not encompassed in the NTCP. Employer claims that it did not seek review of Claimant's medical treatments until the claim petition was granted in 2018, because it had contested liability for those injuries.

---

[15] Employer responds that Claimant ignores that the 2016 medical only NTCP accepted liability for one injury, a low back contusion. It contends there is no evidence of record that establishes that any of the medical treatments from 2016 through 2018 were solely related to a low back contusion. Pointedly, Claimant makes no such claim. Further, the evidence of record does establish that Claimant alleged to have sustained additional injuries other than the accepted low back contusion, *i.e.*, Claimant filed a claim petition and successfully argued that she also suffered from a closed head injury, post-concussion syndrome, right shoulder rotator cuff tear, lumbar strain and sprain, left-sided lumbar radiculopathy, left hip sprain, and severe right foot contusion. Thus, her medical treatments obviously encompassed more than the accepted low back contusion.

Section 127.404(b) of the Medical Cost Containment Regulations plainly states that "[i]f the insurer is contesting liability for the underlying claim, the 30 days in which to request retrospective UR is tolled pending an acceptance or determination of liability." 34 Pa. Code § 127.404(b). Undoubtedly, Employer was contesting liability for at least some of Claimant's injuries or she would not have needed to file a claim petition. Despite this, Claimant insists that Employer was obligated to seek UR earlier because Section 127.405 of the Medical Cost Containment Regulations permits it to seek UR in medical only cases even if it has not admitted liability for the work injury. 34 Pa. Code § 127.405. Claimant fails to address the full language of the regulation in making this claim, specifically, the language limiting UR to cases "when an insurer is paying for an injured worker's medical treatment."

In analyzing Section 127.405 of the Medical Cost Containment Regulations, this Court has explained that the insurer/employer may only seek UR in medical only cases "after [it] has begun paying for medical treatments." *Armstrong v. Workers' Compensation Appeal Board (Haines & Kibblehouse, Inc.)*, 931 A.2d 827, 830 (Pa. Cmwlth. 2007) (citing *Krouse v. Workers' Compensation Appeal Board (Barrier Enterprises, Inc.)*, 837 A.2d 671 (Pa. Cmwlth. 2003)). In *Krouse*, Judge Pellegrini issued a concurring opinion to highlight that UR requests filed pursuant to Section 127.405 can only be filed (1) after liability has been accepted, or (2) after "the insurer has begun paying for medical treatments." 837 A.2d at 676 (Pellegrini, J., concurring). Here, the evidence of record does not show that Employer even began making payments for Claimant's medical treatments prior to the grant of her claim

10

petition in 2018. Thus, Claimant has failed to show that Section 127.405 is applicable to her case.[16]

Further, Claimant does not assert that any of her medical treatments related solely to the injury accepted in the 2016 medical-only NTCP. As noted by the Board, such an analysis could not be attempted in this case because Claimant did not introduce the NTCP into evidence. (Board Op. at 10.) Thus, Claimant's argument that Employer's UR requests were untimely because it was obligated to challenge her medical treatments because they were accepted by the 2016 medical-only NTCP is not based on any evidence of record. As such, Claimant's first contention of error is meritless.

Second, Claimant asserts that Employer did not meet its burden of proving the treatments under review were not reasonable and necessary because it did not offer evidence regarding the palliative nature of the care. Claimant argues that treatment is reasonable and necessary even if it is not designed to cure and improve the injuries, but instead helps to manage symptoms. Claimant cites to *Cruz v. Workers' Compensation Appeal Board (Philadelphia Club)*, 728 A.2d 413, 417 (Pa. Cmwlth. 1999), wherein this Court stated that treatment designed to manage a claimant's ongoing pain, even if it does not functionally improve or cure the claimant's condition, may be deemed reasonable and necessary.

Employer responds that the WCJ expressly considered the palliative nature of Claimant's care but rejected its reasonableness and necessity based on the evidence of record. The WCJ noted that Claimant claimed some treatments were

---

[16] Additionally, we note that Section 127.405 is not mandatory. It merely advises that "the insurer may . . . seek review of the reasonableness or necessity of the treatment by filing a request for UR." 34 Pa. Code § 127.405(a).

providing pain relief. However, the WCJ did not find Claimant credible that the treatments were improving Claimant's pain on an ongoing basis.

"Treatment may be reasonable and necessary even if it is designed to manage the claimant's symptoms rather than to cure or permanently improve the underlying condition." *Hughes v. Wawa, Inc. (Workers' Compensation Appeal Board)*, 271 A.3d 922, 935 (Pa. Cmwlth. 2021). Thus, "the WCJ should consider evidence of the palliative effect of treatments under review and weigh that evidence in deciding a UR petition." *Id.* In deciding the issue, the WCJ, "as the ultimate finder of fact and the sole authority for determining the weight and credibility of evidence, . . . may accept or reject the testimony of any witness in whole or in part[.]" *Id.* at 936.

In her brief, Claimant does not point to specific treatments provided to her that were allegedly palliative in nature, but discounted by the Reviewers, the WCJ, or the Board. Instead, she claims that Employer had the burden of proof to establish her treatments were not reasonable and necessary and that, to meet this burden, it must prove the treatments were not palliative in nature. First, Claimant cites to no case law that would require an employer to examine every treatment provided and present evidence the treatments are not palliative in nature when neither the provider nor the claimant claims that was the reason for the treatments. Second, in *Cruz*, it was the medical provider that claimed the claimant's treatments were to control his pain level, not to cure his underlying pathology, and a UR reviewer that found the treatments were not reasonable and necessary because they were designed only to control the claimant's pain, not to cure his condition. *Cruz.* 728 at 416-17. This Court responded that "treatment may be reasonable and necessary even if it is designed to manage the claimant's symptoms rather than to cure or permanently improve the underlying condition." *Id.* at 417. We determined that the employer "bore the burden of refuting"

12

the medical provider's claim that the treatment "was a reasonable and necessary manner of managing [the claimant's] chronic pain." *Id.* Thus, *Cruz* does not suggest that an employer must raise the issue of palliative care. It establishes that when evidence is presented that the treatment is palliative in nature, the employer bears the burden of refuting it.

Before the WCJ, Claimant testified that some of her treatments were to help alleviate her pain, *i.e.*, were palliative in nature. However, the WCJ found her testimony not credible based on her demeanor and deportment. (F.F. No. 7.) The WCJ also found there was no evidence that the treatments helped Claimant's work-related conditions or symptoms. (*Id.*) The WCJ noted that when Claimant missed a treatment, there did not appear to be a worsening in her condition. (*Id.*) Dr. Rodriguez's report also indicated that some of his treatments were used to decrease Claimant's pain. (F.F. No. 6.) However, the WCJ rejected the opinions expressed by Dr. Rodriguez in his report as not credible. (F.F. No. 8.)[17] As noted by the Board, in *Womack v. Workers' Compensation Appeal Board (The School District of Philadelphia)*, 83 A.3d 1139, 1151 (Pa. Cmwlth. 2014), "the [c]ourts have . . . recognized that a lack of progress in pain improvement is a factor that the WCJ may consider in making the factual determination of whether palliative care is reasonable and necessary." Thus, the WCJ was free to determine that the palliative treatments for Claimant's pain did not effectively improve her symptoms. As such, we reject Claimant's second claim of error.

---

[17] The WCJ is the arbitrator of fact and credibility. *Hughes*, 271 A.3d at 936. Markedly, Claimant did not challenge any of the WCJ's findings of fact or credibility to the Board or to this Court. It is well settled that issues not raised before the Board are waived on appeal to this Court. *Marek v. Workers' Compensation Appeal Board (Logistics Express, Inc.)*, 96 A.3d 434, 440 n.8 (Pa. Cmwlth. 2014).

For all the above reasons, the Board's order is affirmed.

_____

PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Hulda Gillot, :
            Petitioner :
             : No. 387 C.D. 2021
          v. :
             :
Visiting Nurse Association of Greater :
Philadelphia (Workers' Compensation :
Appeal Board), :
            Respondent :

## ***ORDER***

AND NOW, this 30th day of August, 2022, the order of the Workers' Compensation Appeal Board, dated March 10, 2021, is AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge